## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**WILLIE FRED GREEN, SR.,**        *       **CIVIL ACTION NO :5:20-cv-00601**
**VIOLA GREEN, CYNTHIA DAVIS,**
**JOHNNIE YOUNG, ROSILAND**
**YOUNG, ANTOINE HARDEMAN**
**TORELL LEWIS, LINDA LEFALL**
**BRENDA WALKER, JAVON TYLER,**
**DENISE TYLER, RELISA JACKSON,**
**CALVIN JACKSON, FRANCES ALLEN,**
**GEORGE ALLEN, DANELLE MCKNIGHT**
**WILLIAM C. ALLEN**
           **Plaintiffs**

**VERSUS**                    *       **JUDGE : FOOTE**

**SGT. KEVIN STRICKLAND #476,**
**L. BERRY #557 , TYLER CHENEY #1391,**
**CAPTAIN RENE DAVIS, S. HOLMES #1565**
**D. JOHNSON #1566, T. JAMISON # 1261**
**C. MCCONNELL #1576,S. CARRINGTON,**
**C. MOSBY #1417, C. PORTER #1590,**
**B. ROSS #1545, A. SAUSEDA #1547,**
**M. CLARK, DAVIS #1512, P. TUCKER K-9,**
**C. JAMES #1403,  CHIEF BEN RAYMOND**
**AND THE CITY OF SHREVEPORT**     *       **MAGISTRATE JUDGE: HORNSBY**
           **Defendants**

## <u>THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983, and the First,

Fourth and Fourteenth (Due Process Clause) Amendments of the United States

-1-

Constitution.  Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343(1)(2)(3)(4) and the aforementioned statutory and Constitutional provisions. The plaintiff invokes this court's supplemental jurisdiction to hear state law claims pursuant to 28 USC 1367.

**PARTIES**

2.  Made Plaintiffs herein are:

A.    WILLIE FRED GREEN, SR. and VIOLA GREEN, husband and wife, citizens of the United States of America who are a resident of and domiciled at 2535 DeVaughn Street, Shreveport, LA 71108;

B.    CYNTHIA DAVIS, citizen of the United States of America, a resident of and domiciled at  624 King George Drive Appt 223, Fort Worth, Texas 76112;

C.    ANTOINE L. HARDEMAN  a citizen of the United States of America, a resident of and domiciled at 2535 DeVaughn Street, Shreveport, LA 71108;

D.    LINDA LEFALL, a citizen of the United States of America, a resident of and domiciled at  5338 Kennedy Drive Shreveport, LA 71109, comes into Court to assert Louisiana state law claims only;

E.    JAVON B. TYLER and DENISE TYLER, husband and wife, are citizens of the United States of America, a resident of and domiciled at 109 Stratmore Drive, Shreveport, LA 71115.  Javon Tyler was at all relevant times herein a police officer employed by the Shreveport Police Department.  Javon

-2-

Tyler and Denise Tyler come into Court individually; they also come on
behalf of their minor children, Willie Love, III and Solomon Tyler for
Louisiana state law claims only.

F.      BRENDA F. WALKER, a citizen of the United States of America, a resident
of and domiciled at 3739 Morrow Street, Shreveport, LA 71109;

G.      ROSILAND G. YOUNG and JOHNNIE D. YOUNG, husband and wife, are
citizens of the United States of America, residents of and domiciled at 395
Mousse Ruelle Drive, Shreveport, LA 71106. Johnnie Young was at all
relevant times herein a police officer employed by the Shreveport Police
Department.  Mr. and Mrs. Young come into Court individually; they come
on behalf of their minor child, Noelle Young for Louisiana state law claims
only.

H.      TORELL T. LEWIS, citizen of the United States of America, a resident of
and domiciled at  624 King George Drive Appt 223, Fort Worth, Texas
76112;

I.      RELISA A. JACKSON, citizen of the United States of America, a resident
of and domiciled at 4128 Titwell Avenue, Shreveport, Louisiana, 71107;
Ms. Jackson comes into Court on behalf of her minor children: Brayden
Love and Carissa Young for Louisiana state law claims only.

J.      FRANCES ALLEN and GEORGE ALLEN, citizens of the United States of

America, residents of and domiciled at 2026 Corbitt Street, Shreveport, Louisiana, 71108, come into court to assert Louisiana state law claims only;

K.    DANELLE N.  MCKNIGHT, a citizen of the United States of America, a resident of and domiciled at 2623 Emery Street, Shreveport, Louisiana, 71103; Ms. McKnight comes into Court on behalf of her minor child: Christina Anderson for Louisiana state law claims only.

L.    CALVIN A. JACKSON, a citizen of the United States of America, a resident of and domiciled at 3221 West College Street, Shreveport, Louisiana, 71109; Mr. Jackson comes into Court on behalf of his minor child: Shania Jackson for Louisiana state law claims only. Mr. Jackson was not present during the police melee at the Green Home.

M.    WILLIAM C. ALLEN, a citizen of the United States of America, a resident of and domiciled at 3124 Poland Street, Shreveport, Louisiana, 71103 comes into court for Louisiana state law claims only.

3.  Made defendants herein are,

(A)    Officer L. Berry #557  was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. His badge number is 557. He is sued in his individual

capacity.

(B)     Officer Tyler Cheney #1391 was at all relevant times a police officer with
the Shreveport Police Department and at all times herein mentioned, was
acting in such capacity as the agent, servant and employee under the color
of state law. He is sued in his individual capacity.

(C)     Capt. Rene Davis was at all relevant times a police supervisor with the
Shreveport Police Department and at all times herein mentioned, was
acting in such capacity as the agent, servant and employee under the color
of state law. She responded to the scene at 2535 DeVaughn Street.  She
failed to intervene and acquiesced in the use of force. She also failed to
supervise her officers on the scene.  She failed to investigate the scene
and did not obtain statements from Plaintiffs Tyler and Young. She is sued
in her individual and in her official capacities.

(D)     Davis, #1512, was a police officer with the Shreveport Police Department
and at all times herein mentioned, was acting in such capacity as the
agent, servant and employee under the color of state law. He is sued in his
individual capacity.

(E)     Officer S. Holmes, Badge #1565, was a police officer with the Shreveport
Police Department and at all times herein mentioned, was acting in such
capacity as the agent, servant and employee under the color of state law.

She caused the use of excessive force and false arrests herein.  She is sued in her individual capacity.

(F)     Officer Jamison, was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(G)     Officer D'Marea Johnson, #1566 was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(H)     Officer C. McConnell Badge #1576 , was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(I)     Officer C. Mosby,  was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. She was the primary officer for the initial incident for domestic disturbance across the street from the Green Home. Her reaction to Plaintiff Johnnie Young was to pull a taser on him. Mosby further falsely

-6-

reported Cynthia Davis striking her which led to the entire incident which gives rise to this Complaint. She failed to intervene and acquiesced in the use of force.  She is sued in her individual and in his official capacities.

(J)     Officer Clemmie Porter, #1590 was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.   He is sued in his individual capacity.

(K)     Officer Brandon Ross, #1545  was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(L)     Officer A. Sauseda #1547 was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(M)     Officer Marlon Clark, was at all relevant times a police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual capacity.

(N)     Sgt. K. S. Strickland Badge #476,was at all relevant times a police officer

with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  Strickland failed to supervise his officers, failed to maintain control of a scene and did not implement a plan with his officers to gain control.  Strickland used excessive force with his baton on Viola Green.  He also ordered that Hardeman be bit by the K-9 dog. He failed to intervene; he acquiesced in the use of force.  He is sued in his individual and in his official capacities.

(O)   Shreveport Police Office Phillip Tucker was a K-9 police officer with the Shreveport Police Department and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual capacity.

(P)   Shreveport Police Officer S Carrington was at all relevant times a police officer and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(Q )   Shreveport Police Officer Clifton James was at all relevant times a police officer and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

-8-

( R)   Chief Ben Raymond was at all relevant times the Chief of Police for the City of Shreveport  and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.  He retaliated against Tyler and Young for exercising their First Amendment Rights.

(S)   Shreveport Police Officer Cpl. Schulz was at all relevant times a police officer and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual capacity.

(T)   Shreveport Police Officer Jones was at all relevant times a police officer and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.  He arrested Cynthia Davis without probable cause.

4.   Made defendant herein is CITY OF SHREVEPORT which is a political subdivision of the State of Louisiana.  It is sued in its official capacity for failure to supervise, train, and negligent hiring and retention and because of the number of officers and supervisors involved in the incident,  the lack of discipline administered, the actions of the individual defendant officers fairly represented the policy, custom and practice of the Shreveport Police Department thus it ratified those acts. It is

also sued under Louisiana state law for acts of its employee police officers done in the course and scope of their employment with the city pursuant to La. C.C. art. 2315 and 2320.

**FACTS**

5.    On or about May 12, 2019, your Petitioners who are family members ("Green Family") were gathered at the home of Plaintiffs WILLIE FRED GREEN, SR. and VIOLA GREEN. The Greens' home is located in Shreveport, Louisiana at 2535 DeVaughn Street ("Green Home"). The Plaintiffs gathered to celebrate Mother's Day.

6.    Around 2:45pm, on May 12, 2019, a disturbance across the street at 2528 DeVaughn from the Green Home occurred where Mr. Thomas resided ("Thomas Home"). Shreveport Police were called and dispatched to address the situation. Officers Holmes and Mosby responded. Officer Holmes counseled with the female, Kimberly Lewis, who was moving out of the 2528 DeVaughn home. The male, Robert Thomas, owner of the home, was advised by Holmes to leave to give Kimberly, his former girlfriend, time to move out of the home. During this time Plaintiffs Tyler, an off duty Shreveport police officer at the Green Home, and Mr. Willie Green approached to assist. Since it seemed the situation was abated, they returned to the Green Home to continue the Mother's Day celebration.

7.    Mr. Thomas returned to the location of Kimberly Lewis sooner than expected. An

argument and possible assaults occurred when Ms. Lewis' son, friend and friend's

sister Glover, attempted to protect Ms. Lewis from Thomas.   Thomas made

numerous, loud threats against Ms. Lewis to physically harm her.  Lewis also

made threats to Thomas, however, Ms. Lewis got in her car and left.

8.     Shortly after Ms. Lewis leaving, a silver car sped down the street  with a female

driver and male occupant.  The car stopped one house from the Thomas house

and the female got out of the car with a crowbar.  One or more of the petitioners

such as Lewis, Viola Green or Tyler had called for police assistance due to

renewal of the disturbance.  Defendant Mosby responded again to the Thomas

home. The events across the street at the Thomas' Home was disturbing the

peace and alarming the Plaintiffs who were simply attempting to celebrate

Mother's Day at the Green Home with their family, which included young children.

9.     Plaintiff Officer Tyler saw the lady with the crowbar and approached her.  Plaintiff

Officer Tyler made an effort to disarm Glover who was armed with a crow bar

and/or a screwdriver. Upon approaching her, he identified himself as a Shreveport

police officer and told her that "we shouldn't be doing this today."  Her reply was

that Tyler could get it also.  Tyler grabbed the female with the crowbar. Then

Officer Mosby arrived.  Tyler told Mosby that the lady with the crow bar needed to

be arrested because he had witnessed the events.  Tyler asked Mosby "are you

going to take the crowbar from this lady?".  Mosby told Tyler she was going to

-11-

arrest him for arguing with this lady in the middle of the street.  Mosby knew that Tyler was a Shreveport police officer. At this time, Ms. Lewis and her other accomplices returned to the street.  Thomas was in his yard and told Mosby that Tyler and his family did not have anything to do with the situation.  Mosby ignored the statement.

10.    Mosby was interacting with Young and Tyler and the individuals involved in the disturbance across the street. She was not watching her step.  She mis-stepped and accidentally fell into the ditch.  Mosby was assisted out of the ditch by Young. When Mosby came out of the ditch she stated " I am still going to get that bitch" referring to  some other unknown person, possibly Cynthia Davis.

11.    Mosby unreasonably misinterpreted Tyler and Young's efforts to maintain peace in the neighborhood as being acts hostile toward her.  Neither Tyler or Young, who are Shreveport police officers themselves, made any threatening move toward nor did they resist Holmes or Mosby.

12.    Holmes  called for emergency backup anyway: she objectively and unreasonably perceived a threat from Tyler and Young. She was the primary officer for the initial incident for domestic disturbance across the street from the home of the plaintiffs.  She failed to handle the situation properly when she received the first domestic call.  When the call came for assistance a second time, Mosby knew the correct address was for the Thomas Home where the disturbance arose.

13.    Upon her arrival while she was talking to the neighbors, she mis-stepped and accidentally fell in the ditch.  When Mosby accidentally fell in the ditch, Plaintiff Johnnie Young assisted her out. Mosby's reaction to Plaintiff Johnnie Young helping her was to aim a taser on him. Mosby further without any factual foundation misled others that Cynthia Davis or other member of the Green family struck her which led to the entire incident that gives rise to this Complaint.  Mosby without reason struck Cynthia Davis in the face with a closed fist. Davis retreated to the Green Home to protect herself from the unprovoked attack by Mosby.

14.    Holmes frantically and without objective good reason broadcast on the radio a signal 10-18 for all available officers to respond. Holmes made an emergency call reserved for extremely dangerous situations .  Holmes panicked when there was no reason to do so.  Mosby also acted frantically and called a "code black" on the radio to report she was under attack by a crowd, which code is not a known code with the Shreveport Police Department. She was not being assaulted or threatened.  Holmes never retreated or attempted to leave the immediate area nor was there any reason for her to use force to protect herself or others.

15.    About forty (40) Shreveport police officers responded as a result of Mosby and Holmes' requests for assistance. When officers responded, Holmes and Mosby provided false and misleading information and/or provided no information to the officers upon which any officer could reasonably conclude or suspect that any

Plaintiff had committed a crime or was threatening anyone.  Defendants, responding officers, grossly misinterpreted the situation based upon no information obtained, or  false and misleading statements by Defendants Mosby and Holmes and/or failed to conduct any investigation; and thus they unreasonably believed Plaintiffs were the cause of the public disturbance or assault upon an officer.

16. Responding officers showed deliberate indifference to the rights of Plaintiffs to be free from illegal entry, arrest without probable cause and excessive use of force. Plaintiffs attempted to avoid the unlawful arrest or detention of themselves. Holmes was aware of the correct address and could have discovered the facts. Holmes failed to write a report in regards to the initial incident.

17. Mosby knew that no person caused her to fall and that she was not struck or pushed.  But her anger overwhelmed her judgment. When police assistance was called the second time, Holmes was the second officer to respond.  Holmes failed to investigate the situation.  Holmes and/or Mosby requested backup in violation of Shreveport Police Department policy, training and practice by requesting all available officers to respond and not providing a situation communication to responding officers and supervisors.   Many responding officers neglected to obtain any information or simply followed other misguided and uninformed officers. Officer Mosby fell accidentally of her own fault into a small drain ditch.

-14-

She falsely reported and acted as though her fall were caused by Tyler or Young or other Green Family member.  Mosby became angry and allowed the anger to control her actions which were unfounded, unjustified and ill advised. Her anger was so apparent that one or more officers attempted to calm her down.  Several officers who responded observed the activity and asked out loud what are we doing here. Several officers responded to the scene who simply left. There was little or no supervision.

18.     Defendant officers acting in concert, aiding and abetting one another and acquiescing in each other's conduct, and being active participants began a coordinated wholesale assault on the Green Home and Plaintiffs.  The Plaintiffs were peaceably assembled for a Mother's Day celebration and were on private property owned by Viola and Willie Green. They did not aggravate or incite any disturbance and only had the intentions for a peaceful afternoon visiting with family.  The Plaintiffs are family members (Green Family).  Their minor children were present. The children were exposed and in close proximity to injury and violence perpetrated by defendants upon the children's parents and other family members.

19.     Defendant officers did not attempt to quell the actual public disturbance across the street where Thomas and Lewis were located. One person of that group was armed with a crowbar.  That crowbar was left on the ground.  Javon Tyler had

been threatened by a female wielding the crowbar but despite his request no arrest was made.  No police action was taken against those from the Thomas Home.

20.  Defendant Officers Strickland, A. Sauseda, Johnson and Jamison McConnell proceeded to the Green residence.  The officers went to the porch area.  Several members of the Green family were standing on the porch. Strickland asked Mosby which female was the offender.  She was visibly angry. Out of the Green Family members on the porch, Mosby could not identify anyone as an assailant. Green Family members were on the porch including Cynthia Davis, Hardeman, Denise Tyler, Rosalind Young,  Lewis and Viola Green and protested their innocence. Strickland wanted to know who struck Mosby.  But before any Green Family member could effectively respond again, several officers rushed the porch, began arresting and using force.  Viola Green and other Green Family members on the porch like Hardeman were trying to tell the officers they had done nothing wrong. These officer first attempted to enter the Green Home by jumping on the front porch to enter the front door.  There was no one who officers believed committed a crime who officers were pursuing who had committed an offense.   The officers had no objective, factual foundation that  there was a fleeing suspect who assaulted Holmes or Mosby.  Neither Holmes nor Mosby could state whether either were struck by anyone. They further could not identify

-16-

the gender of the person and could not identify a person.  Mosby heard through a person who had been arrested from across the street that a female with red hair had struck Mosby.  No person with the Green Family had red hair, naturally or dyed. No member of the Green family including but not limited to Mrs. Viola Green, Torrell Lewis, Antoine Hardeman, Rosalind Young, Cynthia Davis nor Denise Tyler had committed an offense.  There was no meaningful or organized attempt to question members of the Green family prior to officers detaining, arresting or battering them.

21.    Concerning Plaintiff  Javon Tyler, he was unreasonably detained and placed in a police vehicle by Shulz.  Defendant Officer Schulz took Plaintiff Tyler out of the patrol car to question him. During the discussion between Schulz and Tyler, Defendant Officer Porter came from behind Tyler without warning and slammed Tyler to the ground head first. Tyler suffered sprained ligaments in his back as well as abrasions and bruises to his shoulder and back and serious headaches from the attack. Defendant Officer Schulz took Plaintiff Officer Javon Tyler from the ground using painful control holds.  Plaintiff Officer Javon Tyler was falsely detained by Officer Schulz and battered by Officer Porter.  Schulz unnecessarily caused pain to Tyler through the use of control holds and joint manipulation. Schulz was aware that Tyler was an off duty police officer.

22.    Overwhelmed with anger, Defendant Officer Mosby unreasonably and falsely

accused Green of striking Mosby after accusing Denise Tyler and Cynthia Davis

of committing the same offense. Mosby did not know if anyone struck her or

pushed her into a shallow drainage ditch nor did she know who may done such a

thing.  Nor did she know if someone from the Thomas Home had pushed her.

Although Viola Green had committed no crime. Richardson and Jamison arrested

Viola Green for Resisting an Officer and Battery of an Officer and Simple Assault

without objective grounds to believe these crimes had been committed by Viola

Green.  They arrested her "for being in a (sic) altercation". Viola Green had not

been told she was under arrest nor had she battered an officer or attempted to

batter anyone.  She was not interfering with officers nor was she a threat or non-

compliant.  All charges were dismissed.  A grand jury reviewed the evidence and

returned a no true bill.  Officers Strickland, Jamison and Sauseda assisted

Richardson in arresting Viola Green.  There was no altercation except that

created by the neighbors across the street and that by the police.

23.   Further Concerning Plaintiff Viola Green, Concerning Viola Green, Defendant

Officers Strickland, A. Sauseda, Johnson and Jamison McConnell proceeded to

the Green residence.  The officers went to the porch area where Green was.

Strickland struck Viola Green with a baton across her wrist causing bruising.

Officer Johnson, without cause struck Viola Green in the jaw with a closed fist

strike causing significant pain, embarrassment, distress and bruising.  Officer

Sauseda unreasonably knocked Viola Green off the porch, fell on top of her and handcuffed her.  Other officers knocked her down. Mosby had become uncontrollably angry. One or more officers attempted to calm her down to no avail.  From the push by Sauseda off the porch, Viola Green suffered an acute hip injury and significant and lasting pain. She also suffers from PTSD.

24.   Concerning Plaintiff Willie Green, Defendant Officer M.C. Clark and Porter assaulted and battered Willie Green who was passively, verbally defending his wife from an illegal assault.  Defendant Officer M. C. Clark unreasonably handcuffed and detained Willie Green.  Clark threw Green down directly to the concrete landing of the porch on his chest between his steps and a shed. Defendant Officer M.C. Clark placed Willie Green in a patrol car handcuffed. Willie Green needed medical attention due to his heart condition which was obvious from his struggle to breathe.  Defendant Officer M.C. Clark took the handcuffs off Willie Green and left him in the car.  After Willie Green was released by Defendant Officer M.C. Clark, he was treated by Shreveport Fire Department Medics and later transported to the hospital for his heart condition.

25.   A.   Concerning Plaintiff Cynthia Davis, Defendant Officers Jamison, Jones and Officer B. Ross  falsely arrested Plaintiff Cynthia Davis for battery of a police officer, with no probable cause.  Davis had not struck Mosby. There was no evidence of such.  No witness could state Cynthia Davis struck any

person.  Mosby was unable to identify anyone who struck her.  Mosby not know who struck her, if anyone.  Mosby believed a female with red hair, as reported to her as hearsay struck her. No female with the Green Family had red hair, dyed or natural. Cynthia Davis  had not otherwise committed a crime. Davis was attempting to diffuse the violent situation involving Thomas and Lewis, persons from across the street,  by speaking to them. All charges against Cynthia Davis were dismissed by the DA after a grand jury reviewed the evidence and returned a no true bill. Cynthia Davis suffered a loss of liberty.  She was in custody for several days.

B.    When Cynthia Davis was in the street watching the commotion from the Thomas Home across the street, Cynthia Davis was attempting to video record Officer Mosby and others.  Mosby accidentally fell into the ditch by losing her footing.  When Mosby recovered, she became very angry and struck Cynthia Davis in the mouth with a closed fist.  Mosby tried to street fight Cynthia Davis, cussing at her. Mosby did not at that time attempt to place Davis under arrest.  Cynthia Davis retreated to the Green Home.

C.    After officers arrested Cynthia Davis, officers Jones and Ross were escorting Cynthia Davis to a patrol car in handcuffs.  Mosby was angry and not controlling her anger. Mosby approached Cynthia Davis and hit Davis with a closed fist to her back, without provocation or reasonable grounds.

Jones and Ross slammed Cynthia Davis down on the ground injuring her knees.  Mosby continued to strike Cynthia Davis on the ground, handcuffed. Neither Jones nor Ross intervened although they had an opportunity to do so. Cynthia Davis suffered pain and bruising to her face, back and right knee.

26.   Concerning Plaintiff Hardeman, Defendant Officer McConnell was on the porch attempting to exert control over or arrest a female family member when Hardeman told him that she had done nothing wrong.  McConnell began punching Hardeman with a closed fist to he head and body several times. McConnell had Hardeman in a headlock while Defendant Officers D. Johnson, James, Davis (#1512) Berry and Cheney were either holding Hardeman in place or making body punches, to his head area and in his ribs. After K-9 Cairo bit Hardeman multiple times, Hardeman was kicked by Officer Clifton James before being placed in a patrol unit.  Before being bit by Cairo, Hardeman was struck multiple times by Officers McConnell, Davis (#1512), Carrington, D. Johnson, James, Berry and Cheney  while he was on the ground and not resisting. Initially, no medical attention was summoned for him.  He was later transported to Oschner LSU Hospital for treatment before being taken to the Shreveport City Jail.  Defendant Supervisor Strickland was standing on the porch and told officers McConnell, Cheney and others who were about to handcuff and had

control of Hardeman, to move back so Defendant Officer Tucker could sic the K-9 dog on Hardeman.  Hardeman was not resisting nor was he a threat to any officer.  Hardeman suffered multiple strikes to head, body, ribs and dog bites to hand, on the thigh, above the knee; he had and continues to have severe headaches and significant pain.  Hardeman suffered PTSD. He also is experiencing loss of hearing in his left ear as a result of strikes to his head.

27.   A.   Without warning in violation of policy, Defendant Officer Tucker released the K-9 Cairo dog to bite Antoine Hardeman without just cause; the K-9 was used for crowd control in a crowded space in violation of SPD canine policy.  K-9 Cairo bit Hardeman several times. Neither McConnell, James, Cheney nor Strickland who were close by did anything to intervene in the matter although they had the opportunity to intervene.

B.   Hardeman was falsely arrested by Cheney, Tucker and D. Johnson for resisting a lawful arrest. Afterwards, McConnell falsely arrested Hardeman for battery on an officer.  Hardeman had not been arrested so there was no lawful arrest to resist and had not battered any officer.   All charges were dismissed by the DA after a grand jury reviewed the evidence and returned a no true bill.  He suffered loss of liberty for two or three days.

28.   Concerning Torell Lewis, Defendant Officer Porter body slammed and tackled Plaintiff Torell Lewis into a chain link fence without cause.  Lewis was not in the

process of committing any crime.  He was attempting to flee an unlawful arrest or battery.  He had actually called 911 for police help.  After Porter handcuffed Lewis, Defendant Officer Cheney struck Torell Lewis while handcuffed and on the ground, in the face with a closed fist for no justifiable reason.  Torell Lewis had not committed a crime before the tackle.  Torell Lewis was then handcuffed. During the escort to the patrol car, Torell Lewis was taken to the ground by Defendant Officers T. Cheney, A. D. Lifer and Defendant Officer Porter. Porter flipped Lewis backwards over a fence causing pain. Defendant Officer Porter, Lifer and Cheney all struck Torell Lewis in the face with closed fist and used knee strikes while he was handcuffed.  Defendant Officer Porter put both hands around Torell Lewis' neck and lifted him off the ground and slammed his head into the vehicle. Lewis was handcuffed at the time.  This was done in retaliation for Lewis' tone of voice or attitude.  Plaintiff Torell Lewis suffered lacerations and was treated by Shreveport Fire Department at the scene.  He was not interfering with officers nor was he a threat or non-compliant.   He suffered significant pain, embarrassment and distress.

29.    Torell Lewis was falsely arrested by Porter and Chaney for Resisting With Force and Interfering with a Law Enforcement Investigation.  Porter claimed falsely that Lewis resisted with force when actually it was Porter who ran into a car port covering which caused him to have a self inflicted minor scratch on his head.

Lewis did not resist any officer. He passively resisted an unlawful arrest. Porter and Cheney falsely allege in the offense reports that Lewis was threatening Officers Holmes and Mosby.  This is untrue.  All charges against T. Lewis were dismissed by the Caddo District Attorney after a grand jury reviewed the evidence and returned a no true bill.   Lewis did not strike an officer or resist with violence or interfere with an investigation.   He suffered loss of liberty for around two days.

30.   Concerning Plaintiff Denise Tyler, Defendant Officers A. Sauseda, Porter, McConnell and Jamison arrived at the porch.  They went onto the porch where they battered, pulled and forcibly pinned Denise Tyler against the front door.  At the time, Mrs. Tyler was not threatening, resisting and was compliant. She suffered various bruises and significant pain and embarrassment.  She suffered PTSD. She also suffered unreasonable detention.

31.   Concerning Brenda Walker, during the assaults on the porch of the Green Home, one or more Shreveport police officers including but not limited to McConnell, M. Clark, Berry and Sauseda stomped or fell on the foot of Brenda Walker causing her to suffer a broken toe. There was no objective reason to use force on Walker. She was not interfering with officers nor was she a threat or non-compliant.  She was not arrested.

32.   Concerning the Green Family's minor children, including Willie Love, III, Solomon Tyler, Noelie Young, Brayden Love, Carrisa Young, Christina Anderson, Shaniya

and, Jackson, they witnessed the assaults on their family members. The children were screaming and crying.  As a result of the unlawful actions of the defendants, the minor children suffered significant mental distress. The minor children suffered mental distress seeing their parents and relatives being abused by police officers, police officers unlawfully invading the property and residence of Mr. and Mrs. Green, and fearing for their own safety.  The Young children were outside near police.  The remainder were in the front living room witnessing first hand and in close proximity the use of force on Denise Tyler, Viola Green, Antoine Hardeman and others on the front porch.  Police appeared to the children to be actively attempting to enter the residence and room where the children were located.  The minor children were unreasonably placed in apprehension of being arrested or being harmed and placed in apprehension of their parents or close relatives being harmed.

33.   As a result of the police actions Willie Green and Viola Green suffered damage to their property including their front door and their chain link fence which was knocked down in places.  No repairs were made by the City of Shreveport.

34.   Concerning Plaintiffs LeFall and George Allen, LeFall was on the porch when officers assaulted the porch and those on it.  She left the porch when an unidentified Shreveport police officer grabbed LeFall's arms extremely tight, leaving bruises that lasted over a week, pulled her back and she was told to get

back if you don't want more and to shut up or be arrested.  She was pushed back
when she approached Viola Green.  Another unidentified SPD officer shoved
George Allen against a shed hurting his back.  Mr. Allen was just standing,
observing, trying to stay out of the way, when the officer shoved him.

35.     As a result of the actions of the defendants described herein above, plaintiff have
variously suffered pain and suffering, embarrassment, humiliation, past and future
mental distress, loss of enjoyment of life, past physical pain, anxiety and  lost
earnings and special damages.

### FIRST COUNT: FALSE ARREST, FAILURE TO INTERVENE, RETALIATION, INTERFERENCE WITH RIGHT OF ASSOCIATION, AND UNREASONABLE DETENTION

36.     Plaintiffs  reiterate and reallege paragraphs 1-35 as though fully set forth herein.
Defendants Cheney, Clark, Capt. R. Davis, Holmes, Jamison, D. Johnson, J.
Jones, Porter, McConnell, Mosby,  Sauseda, Schulz, Strickland and Tucker,
among others named herein below are made defendants herein.

37.     Neither Mosby nor Holmes had information or reason to believe that any
particular individual person had committed a crime nor did they have reason to
believe a crime had been committed.  Mosby could not confirm she had been
struck or pushed. Mosby became uncontrollably angry. She began to loudly
curse.  Despite Young's several attempts to calm her, she would not respond but
only became more angry and began to act irrationally.  At least one other officer
attempted to calm her down. Moreover, neither Mosby nor Holmes could identify
any person who committed any such act.  Strickland cajoled and ordered Mosby

to name someone who had struck or pushed her,  while Mosby was writing her report and unable to control her anger. Mosby under pressure but without any reasonable factual belief, falsely accused members of the Green family named herein with battery of her.   Mosby, Strickland, Holmes, McConnell and Jamison had no probable cause to arrest any individual; however, as a group, they caused the following Plaintiffs to be falsely arrested or unlawfully detained at the scene: Cynthia Davis, Viola Green, Willie Green, Antoine Hardeman, Torrell Lewis and Javon Tyler.  They failed to investigate in order to obtain probable cause or reasonable suspicion.  Supervisor Strickland, while knowing there was no probable cause to arrest any individual, failed to intervene to prevent petitioners' false arrest in violation of their rights under the Fourth Amendment of the U.S. Constitution.

38.    Plaintiffs  reiterate and reallege paragraphs 1-37 and set forth causes of action as for false arrest and failure to intervene as follows providing the caption for claims naming the plaintiff and defendants for each claim:

a.    Cynthia Davis brings suit  for false arrest against and names as defendant in this Count Officers J. Jones, Jamison, Ross, Mosby and Holmes as alleged in Paragraphs 22 and 25 hereinabove.  Mosby and Strickland failed to intervene to stop the Davis' arrest.

b.    Viola Green brings suit  for false arrest against and names as defendant in this Count  Defendants Strickland, Mosby, Holmes, Sauseda, and Jamison as set forth in Paragraphs 22 and 23 hereinabove.  Mosby and Strickland failed to intervene to stop the arrest of Green.

c.   Willie Green brings suit against and names as defendant in this Count
     Defendant Officer MC Clark for unlawful detention as set forth in
     Paragraph 24.  Willie Green was doing nothing that an reasonable officer
     would believe was a crime.

d.   Antoine Hardeman brings suit  for false arrest against and names as
     defendant in this Count  Defendants D. Johnson, Cheney, Strickland,
     McConnell, Mosby, Holmes and Tucker as detailed in Paragraphs 26 and
     27.  Mosby, Johnson, Cheney, Holmes, McConnell and Strickland failed to
     intervene to stop the arrest of Hardeman.

e.   Torrell Lewis brings suit  for false arrest against and names as defendant
     in this Count  Defendants Officers Mosby, Holmes, Porter and Cheney as
     detailed in Paragraph 28.  Mosby and Strickland failed to intervene to stop
     the arrest of Lewis.

f.   Javon Tyler brings suit against and names as defendant in this Count
     Defendants Schulz and Mosby for unreasonable detention as set forth in
     Paragraph 21 in violation of his rights under the Fourth Amendment.
     There was no reasonable suspicion by Schulz or Mosby that Tyler who had
     identified himself as a police officer was committing any crime while he
     was in contact with the individuals across the street. Tyler was not free to
     leave the area.

g.   All Plaintiffs bring suit against all Defendants (except Raymond) for
     Unlawful Detention and Assault in violation of the Fourth Amendment. No
     Plaintiff was permitted to leave the Green Home address, after police

illegally entered the property. The Defendant police officers acting as a unit detained the entire group of Plaintiffs as a whole and had no individualized suspicion that any person or individual person had committed a crime.

39.   A.   Plaintiffs Viola Green, Willie Green, Cynthia Davis, Antoine Hardeman, Torell Lewis, and Javon Tyler were falsely arrested without an arrest warrant and without probable cause.  The criminal indictments and prosecutions of Viola Green, Cynthia Davis, Torell Lewis and Antoine Hardeman was referred to the Grand Jury of Caddo Parish, Louisiana. The grand jury refused to return an indictment. The District Attorney of Caddo Parish dismissed all charges against Cynthia Davis, V. Green, T. Lewis and A. Hardeman. Willie Green and Javon Tyler were never formally charged with a crime but Tyler and Johnny Young were subjected to an internal disciplinary process.

B.   Officer Mosby was arrested on July 12, 2019, after a warrant issued for malfeasance. A warrant issued for Tucker for battery.   These warrants were issued after a judicial determination establishing probable cause to arrest them.  Officer Mosby pled guilty to battery under the provisions of C.Cr.P. art. 894 on June 30, 2020.  On July 10, 2019, Officer Tucker was billed by a grand jury on Secret Indictment for battery.

40.   Plaintiffs named herein under Count One including Willie Green, Viola Green, Cynthia Davis, Antoine Hardeman, Torrell Lewis, Javon Tyler and Denise Tyler contend that defendants named hereunder violated their right to be free from

-29-

false arrest and unreasonable detentions in violation of the First and Fourth Amendments of the U.S. Constitution. The Defendants named hereunder in Count One including J. Jones, Jamison, Ross, Mosby, Holmes, Sauseda, Clark, Cheney, McConnell, Tucker, Porter, and Schulz interfered with these Plaintiffs' exercise of their First Amendment rights to protest, explain their behavior or in the case of Davis to video record the officers' use of force and illegal and aggressive trespass,  forceful detention and to explain their behavior.

41.   Plaintiffs named herein under Count One including Willie Green Viola Green, Cynthia Davis, Antoine Hardeman, Torrell Lewis, Javon Tyler and Denise Tyler contend that defendants named hereunder violated their right to be free from false arrest and unreasonable detentions in violation of the First and Fourth Amendments of the U.S. Constitution. The Defendants named hereunder in Count One including Strickland, Capt. R. Davis, Officer Davis (#1512), J. Jones, Jamison, Ross, Mosby, Holmes, Sauseda, Clark, Cheney, McConnell, Tucker, Porter, and Schulz interfered with these Plaintiffs' exercise of their First Amendment and Due Process rights to congregate, gather and to associate with family on private property for a legitimate, familial purpose.   In effect all defendant police officers seized and/or detained all Plaintiffs as a whole and/or a crowd herein by their illegal entry onto the property belonging to Viola Green and Willie Green, physical arrest and seizure of these named plaintiffs as described herein and using force upon the Plaintiffs named herein. Officers effectively seized and detained Plaintiffs by giving commands to the group and individuals to shut up, get back and not to touch anyone.  Some officers in addition to that

-30-

alleged herein, used force against Plaintiffs as a group by grabbing an arm or other body part, and  pulling or pushing.   Various of these Plaintiffs have suffered pain, anxiety, distress, bruises, abrasions, nightmares, sleep problems, and Post Traumatic Stress Disorder (PTSD). This unreasonable detentions and individual arrests by the Defendants hereunder violated these Plaintiffs' rights under the First Amendment and the Due Process Clause. Plaintiffs Willie Green and Viola Green no longer celebrate Mother's Day at their home.  Others such as Rosalind and Johnny Young and Javon and Denise Tyler no longer celebrate Mother's Day in a family gathering setting.

**SECOND COUNT:**
**EXCESSIVE USE OF FORCE, INTERFERENCE WITH RIGHT OF ASSOCIATION,**
**AND RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS**

42.    Plaintiffs reiterate and reallege paragraphs 1 - 41 as though fully set forth herein. All defendant officers as set forth herein below violated Plaintiffs' right to be free from excessive use of force.

43.    A. The defendants violated Plaintiffs'  right to be free of excessive use of force in violation of the Fourth Amendment and First Amendment of the U.S.  Constitution by using a K-9, baton, closed fist strikes, kicks and other means of applying force without good cause in violation of SPD use of force policy when the plaintiffs were not resisting a lawful command and were not a threat to the officers.  There was no threat to the safety of any officer.  No Plaintiff had committed a crime nor was there reasonable suspicion to detain or probable cause to arrest or place any Plaintiff into custody.  At most, Plaintiffs passively resisted by protesting their innocence and asking questions to find out why police were acting as they were.

Any such passive resistance was to an unlawful arrest.   Excessive force was used in retaliation for citizens exercising their First Amendment rights. The Plaintiffs' rights under the First Amendment and the Due Process Clause to congregate, gather and to associate with family on private property for a legitimate, familial purpose was violated.

43B    Plaintiffs  reiterate and reallege paragraphs 1-43A as though fully set forth herein and set forth causes of action for use of force to interfere with their First Amendment rights in addition to that above as follows:

a.    Cynthia Davis brings a claim for interference with her First Amendment rights naming Officer Mosby who struck Plaintiff Davis while she was video recording. There was no apparent reason for the strikes except to stop Plaintiff Davis from recording.

b.    Torrell Lewis brings suit against Cheney, Porter and Strickland for interference with his First Amendment rights who struck Lewis while he was protesting the police actions. There was no apparent reason for the strikes except to stop Lewis' protests.

c.    Willie Green brings suit against  Clark for interference with his First Amendment rights who slammed Green down while he was protesting the police actions against his wife, Viola Green. There was no apparent reason for the slam except to stop Green's protests.

d.    Hardeman brings suit against Strickland for interference with his First Amendment rights who struck and battered Hardeman while he was protesting the police actions against his family members. There was no

-32-

apparent reason for the force except to stop Hardeman's protests.

e.   Javon Tyler brings suit against Porter and Schulz for interference with his First   Amendment rights while explaining in a peaceable manner the situation to Schulz. There was no apparent reason for the slams except to stop Tyler's explanation.

f.   Johnnie Young brings suit against Mosby for interference with his First Amendment rights when she assaulted him with a taser while he was protesting the police actions against his family and tried to calm her down and have officers to stop to think through their actions. There was no apparent reason for the assault except to stop Young's protests.

44.   Plaintiffs  reiterate and reallege paragraphs 1-43 as though fully set forth herein and set forth causes of action for use of excessive force and failure to intervene as follows in violation of the Fourth Amendment:

a.   Cynthia Davis brings suit against and names as defendant in this Count Defendants J. Jones, Mosby and Holmes as alleged in Paragraphs 22 and 25 hereinabove for use of excessive force in violation of her Fourth Amendment rights.  They were escorting Cynthia Davis who was handcuffed. Mosby who was angry and not controlling her anger, approached Cynthia Davis and hit Davis with a closed fist to her back, without provocation or reasonable grounds. Mosby also struck Cynthia Davis while Davis was on the ground after being handcuffed.  Further despite having an opportunity Neither Jones nor Ross intervened to stop the force.

-33-

b.   Viola Green brings suit against and names as defendant in this Count

Defendants Sauseda, Strickland, James, McConnell, D. Johnson, Clark,

and Jamison as set forth in Paragraph 23 hereinabove for use of excessive

force in violation of her Fourth Amendment rights.  Strickland struck Green

with a baton without justification. Sauseda threw Viola Green off her porch

without cause, injuring her hip and landed on top of her.  Johnson and

McConnell struck Viola Green in the jaw with a closed fist strike, without

cause in violation of her Fourth Amendment rights. Ms. Green suffered

contusions to her face, wrist and hip.  Ms. Green suffered contusions to

her arms by McConnell, James and Clark grabbing and hitting her.  Mosby

and Strickland although in the immediate vicinity with an opportunity to

stop the use of force, failed to intervene to stop the use of force against

Green.

c.   (1) Antoine Hardeman brings suit against and names as  Defendants in

this Count defendants McConnell, Davis (#1512), Carrington, Clifton

James,  Officer D. Johnson, Berry, and Cheney who were either holding

Hardeman in place or making body punches or kicks in his ribs and head

as alleged in Paragraphs 26-27 for excesive force.

(2) Antoine Hardeman brings suit against and names as  Defendants

McConnell, Strickland and Tucker who directed the canine attack as

detailed in Paragraphs 26, 27 and 29 and by use of the K-9 by Tucker in

violation of his Fourth Amendment rights.  TUCKER was in violation of

standard procedures of bringing a K-9 dog to an incident involving a large

-34-

crowd.  No K-9 had been requested nor was one necessary. Tucker also failed to provide a K-9 release warning to Hardeman and others in the immediate vicinity.

(3) Antoine Hardeman brings suit and names as defendant in this Count Defendants McConnell, Davis (#1512), Carrington, Capt. Davis, Berry, Johnson, James, Cheney and Strickland who were close but took no measures to intervene to stop the use of clearly excessive force against Hardeman in violation of his Fourth Amendment rights.

(4)     Hardeman suffered bite wounds, headaches, concussion, pain and suffering and sever mental distress meeting many of the symptoms of PTSD.

d.     Brenda Walker brings suit and names as defendant in this Count Defendants McConnell, M. Clark, Berry and Sauseda for use of excessive force as alleged in Paragraph 31 above when defendant deliberately either stomped on her foot breaking it or ran on top of the foot while attempting to use excessive force against others. She brings suit against Porter, McConnell, Ross, Jamison, Clark, and Berry  for failure to intervene; they were in the immediate vicinity and had an opportunity to stop the use of force.

e.     Torrell Lewis brings suit against and names as defendant in this Count Defendants  Officer T. Cheney and Defendant Officer Porter who each used excessive force by striking, choking and tackling Lewis as detailed in Paragraph 28 in violation of his Fourth Amendment rights.  He brings suit

against Mosby, Holmes and Strickland for failure to intervene; they were in the immediate vicinity and had an opportunity to stop the officers.

f.      Javon Tyler brings suit against and names as defendant in this Count Defendants Schulz and Porter for use of excessive force as set forth in Paragraph 21 in violation of his Fourth Amendment rights when Porter took Tyler forcefully to the ground head first while Tyler was speaking with Schulz.  Schulz in turn used forceful control holds when Tyler was not forcefully resisting a lawful arrest or detention and was compliant.  He brings suit against Mosby, Holmes and Strickland for failure to intervene; they were in the immediate vicinity and had an opportunity to stop the officers.

g.      Denise Tyler brings suit against and names as defendant in this Count Defendants Officer Sauseda, Officer Porter, Officer McConnell and Officer Jamison for use of force as detailed in Paragraph 30 in violation of her Fourth Amendment rights. She brings suit against Mosby, Holmes and Strickland for failure to intervene; they were in the immediate vicinity and had an opportunity to stop the officers.

h.      Willie Green brings suit against and names as defendant in this Count Defendant Officer Clark as alleged in Paragraph 24.  Clark unreasonably took Mr. Green down to the ground so forcefully onto his chest that it caused Mr. Green to seek medical attention for his heart. This resulted in extensive medical treatment including hospitalization. He brings suit against Mosby, Holmes and Strickland for failure to intervene; they were in

the immediate vicinity and had an opportunity to stop Clark.

I.   Rosalind Young brings suit for assault against Defendants Strickland, Mosby, Holmes, Sauseda,  and Jamison for rushing the porch where she was located with her minor daughter when no objectively reasonable cause existed for that action. Others such as Viola Green, Cynthia Davis, Hardeman, Lewis, and Tyler were battered and assaulted on the porch in close proximity to Mrs. Young placing her in fear of being battered.

j.   Cynthia Davis, Viola Green, Denise Tyler and Antoine Hardeman bring suit and names as defendants officer Strickland in this Count for failure to intervene. Strickland failed to stop the assault onto the family porch where Cynthia Davis was.  Strickland could have prevented batteries of Viola Green, Cynthia Davis, Hardeman and Tyler but failed to do so.

## FIFTH COUNT: FAILURE TO SUPERVISE AND ACQUIESCENCE

45.   Plaintiffs reiterates and realleges all of the foregoing paragraphs as though fully set forth herein.  Plaintiffs named below bring this cause of action pursuant to 42 USC 1983, et seq.  CAPT R. DAVIS, STRICKLAND and CITY OF SHREVEPORT are defendants herein.

46.   The defendants CAPT R. DAVIS and STRICKLAND violated the plaintiffs' right to be free of excessive use of force in violation of the Fourth Amendment. STRICKLAND and CAPT R  DAVIS were the Supervisors on duty for the responding officers.  However, STRICKLAND, did not try to stop his officers from

-37-

using excessive force instead STRICKLAND pulled out his baton acquiescing and began hitting the citizen plaintiffs without just cause.   Capt. R Davis took no action to stop the assault on Plaintiffs although she had the opportunity to observe the actions of her subordinates and had time to stop the melee and assault by her subordinates.

47.     STRICKLAND further failed to investigate or inquire into the matter before the actions described here took place and institute a plan for the officers to follow. STRICKLAND authorized the actions of his officers by participating in the excessive force with his baton instead of directing his officers to cease and investigate as a supervisor should have.

48.     CAPT R. DAVIS knew of Mosby's anger management issues but never took proactive steps in that regard.  CAPT R. DAVIS was also aware of Mosby having filed false and/or misleading or incomplete police reports. CAPT. R. DAVIS was on the scene but did not take charge and exert her supervisory responsibilities. The failure to supervise by CAPT. R.  DAVIS and STRICKLAND resulted in the named defendants failing to follow protocol and training regarding the civil rights of citizens including all the plaintiffs and was a cause of the violation of the plaintiffs' rights as described herein above. Capt. R. Davis and Strickland also had the opportunity to intervene stop the various acts of force and arrests alleged above.

49.     Plaintiffs bring causes of action for Acquiescence: Plaintiffs Viola Green, Willie Green, Cynthia Davis, Torrell Lewis, Antoine Hardeman, Denise Tyler, and Javon Tyler bring this cause of action pursuant to 42 USC 1983  against and names as

-38-

Defendants Capt. Davis, and Kevin Strickland in this Count for acquiescence for the  use of excessive force and wrongful arrest by Mosby, Davis (#1512), Strickland, Johnson, Holmes, Sauseda, Porter, Tucker, McConnell, J. Jones, Jamison, Ross, Clark, Cheney, and Schulz .

a.    Hardeman brings suit and names as Defendant in this Count officers Strickland and Capt. Davis.  These Defendants violated the rights of the Hardeman to be free of excessive use of force when STRICKLAND and CAPT. DAVIS, despite having the opportunity, did fail to discipline or restrain TUCKER's command of K-9 Cairo to bite HARDEMAN. Strickland commanded the officers who were restraining HARDEMAN to release Hardeman, and ordered them to move back in order to let TUCKER and K-9 Cairo attack HARDEMAN.  Not only did Strickland fail to intervene, he acquiesced and ratified the force by directing force be used, covering up the need for force.

b.    Plaintiff Lewis brings suit and names as defendant STRICKLAND and CAPT R. DAVIS on the grounds they acquiesced in the use of force and false arrest of TORELL LEWIS although they were present and had an opportunity to see or review the acts done to Lewis.  There was no discipline or investigation.

c.    Plaintiffs Viola Green, Cynthia Davis, Denise Tyler, Torrell Lewis and Antoine Hardeman name as Defendants in this Count Capt. Davis and Sgt. Strickland for acquiescing in the use of force.   These Defendant Officers were present at the porch when Mosby could not identify any person who

-39-

allegedly pushed her. They acquiesced in the assault, battery and arrest of those on the porch including Plaintiffs Viola Green, Cynthia Davis, Lewis, Denise Tyler and Hardeman.

d.    Cynthia Davis brings suit and names as defendants officers Jones and Ross in this Count for acquiescing and ratifying the use of force against her.

50.    Strickland knew he lacked probable cause when he cajoled Mosby into naming Cynthia Davis in her report as the person who assaulted her when he knew Mosby could not identify anyone.  Strickland thus ratified and acquiesced in the arrests and uses of force.

51.    The acquiescence by Capt. Davis and Strickland in the continued employment of Mosby in a street patrol unit despite her known poor anger management resulted in the illegal arrests and uses of force alleged herein.  Mosby's poor anger management created a substantial risk of use of excessive force.  Her pattern of use of force was well known to decision-makers with the City of Shreveport. Further, that Capt. R. Davis, Strickland and the City of Shreveport failed to address Mosby's known anger management and known practices in report writing encouraged other defendants herein to not follow protocol and training regarding the protection of civil rights of citizens including all the plaintiffs and was a cause of the violation of the plaintiffs' rights as described herein above.

**FOURTH COUNT: ILLEGAL ENTRY, TRESPASS,
DESTRUCTION OF PROPERTY**

55.    Plaintiffs Willie and Viola Green bring this cause of action pursuant to 42 USC

1983, et seq.  against all defendants for illegal entry upon their land and against

Defendant Porter for damage to their shed and fence and against Defendants

Strickland, Mosby, Jamison, and Sauseda, and for damage to the front door of

their home in violation of their rights under the Fourth, Fifth

and Fourteenth Amendments.  No defendant had consent to enter nor had a

search warrant.  Further, there were no exigent circumstances to provide an

exception to the warrant requirement.

## FIFTH COUNT:
## MUNICIPAL LIABILITY

56.   Plaintiffs reiterates and realleges paragraphs 1-55 as though fully set forth herein.

City of Shreveport is named herein.

57.   The City of Shreveport and Shreveport Police Department supervisory personnel

violated the plaintiffs' right to be free of use of excessive force in violation of the

Fourth Amendment, as pled hereinabove.

58.   The City of Shreveport has had numerous complaints against the defendants

Mosby and Holmes and others named herein for excessive force.  Under those

circumstances that should have required the City of Shreveport to discipline these

officers or require them to undergo remedial training.  The City of Shreveport and

supervisory personnel have failed to discipline their officers for excessive force

and have engaged in a pattern and practice of use of excessive force.

59.   Supervisors such as CAPT R. DAVIS and STRICKLAND of Mosby and Holmes

were aware of various violations of policy and "anger management" issues with

both but took no action to address these shortcomings. Mosby has a history of

filing false and/or misleading or incomplete police reports.  Her history was

common knowledge among city police officers. The City should have anticipated

that untreated "anger management" would result in an unlawful use of force or

arrest.

60.     The City of Shreveport and policymakers were aware of a lack of training of its

police officers in crowd control, issues of probable cause in crowded situations,

use of canines in crowded areas, and radio communications involving a call for a

mass response from on duty officers.  It is foreseeable that such a lack of training

would result in constitutional violations under those circumstances.  The lack of

training was a moving force of the violations in this case because there was no

organized response and the radio communication faulty in requesting a response

of every available officer, all  without instruction or restriction.  Such a call

engenders mass confusion as to responding officers who had no further

supervision or information about the call after arrival.


### SIXTH COUNT:
### FAILURE TO PROVIDE MEDICAL ATTENTION


61.     Plaintiffs reiterates and realleges paragraphs 1-60 as though fully set forth herein.

Tucker and M.C. Clark are named defendants herein.

62.     Officer M.C. Clark slammed Willie Green to the concrete.  He handcuffed him and

placed him in the car.  Willie Green complained about his heart to M.C. Clark.

Instead of M.C. Clark seeking medical attention for Green, he took the handcuffs

off and turned the air conditioning on high in the vehicle.  It was not until Willie
Green was released from custody that Shreveport Fire Department was called
and Green was transferred to the hospital for treatment. Green had an obvious
and serious health condition requiring immediate medical transport to a hospital.

63.   Officer Tucker commanded K-9 Cairo to bite Hardeman.  After Hardeman was
attacked by K-9 Cairo, he was placed in the patrol unit.  Tucker failed to call for
medical attention for the dog bites.  Upon the arrival of Officer Heaser he
questioned whether any medical treatment had been called for Hardeman.  After
confirming with dispatch that no medical attention had been called for Hardeman,
he requested Shreveport Fire Department for treatment.  Tucker did not follow
proper protocol with victims of dog bites and failed to call for medical attention.

64.   Officers Tucker and M.C. Clark displayed deliberate indifference to Willie Green
and Antonie Hardeman's need for medical attention of serious health condition as
provided under the Due Process Clause of the U.S. Constitution.  At the time
Green and Hardeman were in the custody of the police as an arrestee or
detainee.


**SEVENTH COUNT: LOUISIANA STATE LAW CLAIMS
FAILURE TO INTERVENE, FALSE ARREST, MALICIOUS PROSECUTION,
EXCESSIVE FORCE, NEGLIGENT RETENTION, BATTERY AND
NEGLIGENT INFLICTION OF MENTAL DISTRESS**

65.   Plaintiffs reiterates and realleges paragraphs 1-64 as though fully set forth herein.
All named Defendants are made defendants herein.

66.   Plaintiffs allege violations of Louisiana Civil Code Article 2315.  Defendants acted

in the course and scope of their employment with the CITY OF SHREVEPORT, violated plaintiffs' rights under Article One of the 1974 Louisiana Constitution. C.C. art. 2320. The defendants are liable in solido unto plaintiffs and did act in concert with one another.

67.  Plaintiffs Cynthia Davis, Viola Green, A. Hardeman, Brenda Walker, Javon Tyler, Torrell Lewis, Denise Tyler, Willie Green, Linda LeFall, George Allen, and Johnny Young  bring suit for battery, assault and failure to intervene pursuant to C.C. art. 2315 for acts alleged in Count Two and herein below against Defendants named as follows, including the City of Shreveport pursuant to C.C. art. 2320, as the employer of each named defendant and/or officer who committed violations in the course and scope of their employment as follows:

a.  Cynthia Davis brings suit for battery against Defendants J. Jones, Mosby and Holmes as alleged in Paragraph 22 and 25 hereinabove.
Further, she brings suit against  Jones and or Ross for failure to intervene when they had the opportunity to do so.

b.  Viola Green  brings suit against Defendants Sauseda, Strickland, James, McConnell, Mosby and Jamison for battery as set forth in Paragraph 23 hereinabove.  Strickland struck Viola Green with a baton without justification. Sauseda threw Viola Green off her porch without cause, and then jumped and landed on top of her.  Mosby  struck Viola Green in the jaw with a closed fist strike, without cause.  At the time of these batteries, Green was not forcefully resisting a lawful arrest or threatening officers. Officers knocked her down the front steps to her home.

-44-

c.    Antoine Hardeman brings suit against Defendants Clifton James,  Officer
      Johnson, Officer Davis (#1512), Carrington, Officer Smith, McConnell and
      Officer Cheney who were either holding Hardeman in place, punching him
      in the head or making body punches in his ribs  as detailed in Paragraphs
      26, 27 and 29. Further, he was battered by use of the K-9 by Tucker and
      being Kicked by Clifton James.  Neither McConnell, Davis #1512,
      Carrington, Johnson, James, Cheney nor Strickland who were close by
      took measures to intervene to stop the use of clearly excessive force
      against Hardeman.

d.    Brenda Walker brings suit against Defendants McConnell, Clark, Berry and
      SAUSEDA for battery as set alleged in Paragraph 31 above when one of
      or more these defendants either stomped on her foot breaking it or ran on
      top of her foot while attempting to use excessive force against others.

e.    Torrell Lewis brings suit against Defendants  Officer T. Cheney, Defendant
      Officer Porter and the City of Shreveport for acts of Officer Lifer who
      battered Lewis as detailed in Paragraph 28.  Although not named as a
      defendant individually, Officer Lifer was acting in the course and scope of
      his employment with the City of Shreveport; Lifer's battery of Lewis creates
      liability for the City of Shreveport.

f.    Javon Tyler brings suit against Defendants Schulz and Mosby for battery
      as set forth in Paragraph 21.  He suffered shoulder pain, low back strain
      and headaches.

g.    Denise Tyler brings suit against Defendants Officer Sauseda, Officer

-45-

Porter, Officer McConnell and Officer Jameson for battery as alleged in Paragraph 30.

h.    Willie Green brings suit against Defendant Officer Clark for battery as alleged in Paragraph 24.  Clark unreasonably took Mr. Green down to the ground so forcefully onto his chest that it caused Mr. Green to seek medical attention for his heart. Mr. Green was not resisting verbally or physically at the time of the use of force by Clark. This resulted in extensive medical treatment.

I.    Linda LeFall brings suit against the City of Shreveport for batteries committed by unidentified  Shreveport Police Officers as alleged in paragraph 34.  A Shreveport Police officer grabbed LeFall's arms, told her to be quite when she was not resisting or interfering. She suffered a large bruise, swelling, frequent headaches and mental distress, flashbacks, nightmares and sleeplessness.

j.    George Allen brings suit against the City of Shreveport for batteries committed by unidentified  Shreveport Police Officers as alleged in paragraph 34.  An officer slammed G. Allen against an outdoor structure without cause, causing injury to his back.

k.    Johnny Youngblood brings suit against Mosby for her assaulting him with a taser at a time he was not of any threat to her and was not interfering with her. Youngblood suffered PTSD from the events of the day.

68.    Hardeman further brings suit against the City of Shreveport for its strict liability for the injuries caused to him by the K-9 pursuant to C.C. art. 2321. The injury was

avoidable. There was no need to deploy the canine as other police officers had

him under physical control, Hardeman was in the process of being handcuffed

when Tucker sicced the canine on Hardeman, there was no warning by Tucker,

and SPD policy does not permit the use of canines for crowd control. Also, Tucker

had responded to the scene for his own personal curiosity; he had not been

requested to appear.  There was no expressed need for a canine.

69.    Plaintiffs reiterates and realleges paragraphs 1-68 as though fully set forth herein.

And bring action for  false arrest and unreasonable detention pursuant to C.C. art.

2315:

a.    Cynthia Davis names as a defendant Defendants J. Jones, Mosby and

Holmes in this Count for false arrest  as alleged in Paragraphs 22 and 25

hereinabove.

b.    Viola Green brings suit against and names as a defendant  Defendants

Sauseda and Jamison and the City in this Count for false arrest as set

forth in Paragraphs 22 and 29 hereinabove. Although not named as a

defendant, Officer Richardson was acting in the course and scope of his

employment with the City of Shreveport; Richardson's false arrest of Viola

Green creates liability for the City of Shreveport under C.C. arts. 2315 and

2320.

c.    Willie Green names as a defendant in this Count  Defendants Officer MC

Clark (unlawful detention) as set forth in Paragraph 24

d.    Antoine Hardeman names as a defendant Defendants D. Johnson,

McConnell and Tucker in this Count for false arrest as detailed in

Paragraphs 26 and 27.

e.    Torrell Lewis names as a defendant Defendants Officers Porter and

Cheney in this Count for false arrest as detailed in Paragraph 28

f.    Linda Lefall brings suit against and names as defendant in this

Count Defendants Schulz and Mosby for unreasonable detention as set

forth in Paragraph 21 in violation of her rights.  There was no reasonable

suspicion by Schulz or Mosby that LeFall was committing any crime while

she was in contact with the individuals across the street. LeFall was not

free to leave the area. She was told to get back and "if you don't want

more and to shut up or be arrested."

70.    Plaintiffs Torrell Lewis, Cynthia Davis, Antoine Hardeman, Johnny Young, Javon

Tyler and Viola Green were maliciously prosecuted by the City of Shreveport

through its employees without probable cause in an effort to cover the wrongful

acts of the officers.  All the criminal charges and cases were dismissed by the

District Attorney.  The City of Shreveport referred charges to the Caddo Parish

District Attorney against Johnny Young and Javon Tyler for malfeasance.    The

DA refused to accept charges and dismissed arising thereunder.  There was no

probable cause to support the charge. Neither Young nor Tyler refused to perform

a required duty nor did they perform any duty unlawfully.  Young and Tyler

attempted to cooperate with officers and to persuade the defendants from

committing unlawful conduct.

71.    Officers Holmes and Mosby have had prior disciplinary problems related to anger

management issues and control issues.  Officers displayed this psychological

-48-

shortcoming during training.  Mosby had at the time a known history of filing false and/or misleading or incomplete police reports.  Yet, they were both retained without good cause and against City of Shreveport and industry standards. The City was negligent pursuant to La. C.C. art. 2315 in retaining these officers after it had notice of their unstable condition. Holmes and Mosby were negligently hired, trained and retained by the City of Shreveport.

72.   Plaintiffs named below assert a cause of action for bystander damages against the City of Shreveport due to acts of its employees. These Plaintiffs were in the zone of danger, suffered serious mental distress, and witnessed injury to persons to whom they are related as set forth in La. C.C. art. 2315.6 and in Louisiana jurisprudence and are thus are entitled to bystander damages. The named Plaintiffs were exposed to possible injury and trauma and significant mental distress as a result. Plaintiffs assert causes of action pursuant to C.C. art. 2315.6 and 2315 also because they were active participants in the events.  Various of these Plaintiffs have suffered bruises, nightmares, PTSD, headaches, sleep problems, and distress, among other injuries as described hereinabove.  Further Plaintiffs suffered serious mental stress as a result of observing and being in close proximity to  the excessive force, batteries and illegal arrests of adult family members:

a.   Javon Tyler and Denise Tyler bring suit for bystander damages against the City of Shreveport. They observed one another battered, struck and arrested. Denise Tyler observed her parents, Willie Green and Viola Green her brother Antoine Hardeman and her son Torrell Lewis being arrested,

detained and injured. Javon Tyler observed his son Terrell Lewis arrested. Javon Tyler and Denise Tyler have been diagnosed with serious mental health conditions including PTSD.  They have had serious difficulty with blood pressure, stress, sleep and depression. Mr Javon Tyler eventually resigned from the police department due to the actions herein.

b.    Mr. and Mrs. Tyler's minor children, Willie Love, III and Solomon Tyler are made plaintiffs herein and bring suit for bystander damages against the City of Shreveport. They observed their parents and grandparents being injured and arrested. They suffered serious mental distress including nightmares.

c.    Rosalind Young and Johnnie Young bring suit for bystander damages against the City of Shreveport. She saw her husband being battered and observed her parents, Viola Green and Willie Green,  being battered by the Police.  Mrs. Young saw her brother, Mr. Allen, being abused. She suffered PTSD as a result of all of the incidents. Johnny Young observed his wife Rosalind Young battered and arrested by the defendants.  Johnny Young and Rosalind Young were diagnosed with PTSD.  Mrs. Young also was diagnosed with major depression.

d.    Willie Green and Viola Green bring suit by bystander damages against the City.  They observed one another struck and injured or placed in danger and arrested by Shreveport police officers.  They also witnessed their children, Cynthia Davis, Denise Tyler, Rosalind Young, Anthony Hardeman being assaulted, battered and arrested by Shreveport police officers.  They

saw their grandson Torell Lewis being assaulted, battered and arrested by Shreveport police officers.  Viola Green observed her sister, Brenda Walker, being pushed and shoved by Shreveport police officers.   Viola Green suffered PTSD.  Mr. Green suffered significant mental distress.

e.      Frances Allen brings a claim for bystander damages against the City. She observed her husband George Allen assaulted and battered by Shreveport police officers. She suffered nightmares and severe mental distress.

f.      Torrell Lewis brings a claim for bystander damages against the City. He observed his parents, Denise and Javon Tyler, grandparents, Viola and Willie Green being assaulted, battered and arrested by Shreveport police officers. Lewis has suffered severe mental distress.

g.      Antoine Hardeman brings a claim for bystander damages against the City of Shreveport. He observed his mother, Viola Green, being struck with a baton by a Shreveport police officer. Hardeman was diagnosed with PTSD.

h.      Linda Lefall brings a claim for bystander damages against the City of Shreveport.  She saw her son, Javon Tyler,  being battered and abused and injured or harmed by Shreveport police officers.  She suffered severe mental distress with sleeplessness and crying spells.

I.      Brenda Walker brings a claim for bystander damages. She observed her sister, Viola Green, being battered and arrested. She has been diagnosed with PTSD.

73.    All named Plaintiffs named herein including but not limited to all of the minor children and William Allen, who were lawfully on the Green Property, bring suit to

assert a cause of action for assault, negligent and intentional infliction of mental distress. All Defendants (excluding Chief Raymond) are made defendants in this action.   Plaintiffs were all subjected to the officers acting in unison and in concert, assaulting, battering and arresting many of the Green family members on the Green Property where the minor children and Plaintiffs were located.  The offending officers made loud threats, handcuffed, arrested, gave verbal commands, battered others, took aggressive actions and made menacing aggressive gestures placing all plaintiffs in reasonable apprehension of being assaulted, battered and/or arrested themselves. Defendant officers attempted to take effective control over all plaintiffs present on the Green Property. All plaintiffs were in the zone of danger presented by the unlawful actions of Defendants (excluding Chief Raymond).  Each Plaintiff was in close proximity to uses of force and unlawful arrests and detentions, and thus were exposed to possible injury and trauma and experienced inconvenience and mental distress as a result. Various of these Plaintiffs as pled herein have suffered bruises, nightmares, sleep problems, and severe distress, among other injuries as described hereinabove. Further all Plaintiffs suffered stress as a result of observing and being in close proximity to  the excessive force, batteries and illegal arrests of adult family members.  Several of the Plaintiffs as noted herein suffered from severe mental distress including PTSD, anxiety and depression Defendants are solidarily liable unto Plaintiffs for these acts.  C.C. art. 2324(B).

74.  The City of Shreveport is a defendant for illegal detention of Plaintiffs by its employees including named and unnamed officers present.  Those officers

seized and/or detained all Plaintiffs as a whole by their illegal entry onto the

Green property, physical seizure and arrest of many of the plaintiffs as described

herein and using force upon several of the Plaintiffs. Officers intended to detain

all Plaintiffs who were occupants of the Green property for allegedly participating

in alleged criminal offenses. It was apparent to the officers that even if there had

been an offense committed, that not everyone had committed an offense.

Officers jointly participated and effectively seized and detained Plaintiffs by giving

commands to the Plaintiffs as a group to shut up, get back and not to touch

anyone.  Some officers in addition to that alleged herein, battered Plaintiffs as a

group by grabbing their arms or other body parts, and  pulling, pushing or shoving

them.   Various of these Plaintiffs have suffered bruises, nightmares, sleep

problems, and distress.  Further Plaintiffs suffered stress as a result of observing

and being in close proximity to  the excessive force, batteries and illegal arrests of

family members. Plaintiffs and their children were likewise in the zone of danger

and reasonably distressed and shocked by the police abuse to their family

members. Several of the Plaintiffs as noted herein suffered from severe mental

distress including PTSD, anxiety and depression. Mosby pointed her taser at

Johnnie Young causing significant stress. William Allen suffered PTSD.

75.     Police officers acting in the course and scope of their employment with the City of

Shreveport committed trespass, illegal entry upon the Green property and

wrongful invasion of privacy as set forth in Paragraph 33 above and detailed in

the allegations set forth in this Complaint.  Plaintiffs bring this action pursuant to

C.C. art. 2315 against the City and individual named officers. The Defendants did

not have an arrest or search warrant, there were no exigent circumstances nor consent to enter upon the Green property in the manner described hereinabove. In so entering illegally, officers caused mental distress to all Plaintiffs and damaged property belonging to Willie Green and Viola Green including the front door, a fence and shed. Under the 1974 Louisiana Constitution, Article 1, Section 5, each Plaintiff has standing to raise the illegality of the entry by Shreveport police officers as each suffered an invasion of privacy and mental distress as a result.

## EIGHTH COUNT: RETALIATION, MALICIOUS PROSECUTION, RATIFICATION AND INTENTIONAL INFLICTION OF MENTAL DISTRESS

76.     Plaintiffs Johnny Young and Javon Tyler reiterate and reallege paragraphs 1-75 as though fully set forth herein.  Sgt. Strickland, Capt. Davis, City of Shreveport and Chief of Police Ben Raymond are made defendants herein.  Plaintiffs Young and Tyler bring this Eighth Count based upon La. C.C. art. 2315, Article One of the 1974 Constitution and Retaliation under the First Amendment of the U.S. Constitution through 42 USC 1983.

77.     Plaintiff Officer Javon Tyler filed a previous complaint against Supervisor Kevin Strickland.  No actions were taken on the IAB, however, Strickland had shown hostility towards Tyler since the filing.

78.     Shreveport Police Department has a policy of accepting IAB complaints within 30 days of the event;  however, after the incident herein, no complaints were filed against Tyler and Young. After the arrest of Tucker and Mosby, which was approximately four (4) months after the May event, there was an Internal Affairs

Bureau case opened on Tyler and Young. They were exonerated.  The IAB complaint was filed maliciously.  Plaintiffs Tyler and Young bring claims of intentional infliction of mental distress,  malicious prosecution and/or abuse of process under La. C.C. art. 2315 based upon the IAB complaint against them. One or more of the Defendants encouraged, aided or actually directed the IAB complaint be filed.

79.   Tyler and Young attended their initial IAB interviews.  During the second step of the process, the hearing was conducted.  Sgt. Kevin Strickland was allowed to sit in on the hearing which was a conflict and against SPD policy.  Although it is required that a member from Human Resources attend the hearing, none did. There were members available from Human Resources who could have been in attendance.  Strickland was allowed to attend the hearing as intentional emotional infliction of distress to Tyler and Young.

80.   Based upon information and belief, an Affidavit for Arrest was sent to the District Attorney for review on Officer Javon Tyler and Officer Johnnie Young.  The district attorney declined to accept the charges.  Officer Tyler and Officer Young were never made aware of these possible charges.  The complaint was filed maliciously.  Plaintiffs bring a claim of malicious prosecution and/or abuse of process pursuant to C.C. art. 2315 based upon the criminal charges against them.  Defendants encouraged, aided or actually directed the arrest complaint be sent to the DA.

81.   Officer Young was patrolling March 11, 2020 and heard Tucker's voice across the radio.  This was his only notice that Defendant Officer Tucker was placed back in

service against SPD policy: there were still pending criminal charges against Tucker.   According to the VNS notification system, Young and Tyler should have been notified of Defendant Tucker returning to work. Defendants encouraged, aided or actually directed that Tucker be brought back to duty.

82.   The acts described above constitute retaliation for Tyler and Young exercising their First Amendment rights.  Tyler and Young provided truthful and accurate statements to the police department which implicated Mosby, Holmes and Tucker in unconstitutional and illegal activity which is of public concern.

83.   The Shreveport Police Department under the direction of Raymond has attempted to drum Young out of the department by declaring him unfit for duty. He has yet to return to full duty.  Tyler quit his job due to the intolerable working conditions.

84.   Chief Raymond as the chief policymaker for the City of Shreveport, ratified and acquiesced with the wrongful acts described hereinabove by approving and adopting those acts including the IAB referral, the criminal charge referral, and attempts to discharge Young.  He also approved Tucker's premature return to duty, took steps to delay or prevent Young from returning to active duty, and allowed Strickland to attend the HR hearing. Hence, the City of Shreveport is liable hereunder for malicious prosecution, abuse of process and intentional infliction of mental distress causes of action; and creates liability for the City of Shreveport under a cause of action for retaliation arising under the First Amendment.

## MISCELLANEOUS PROVISIONS

85.    Due to the malicious and deliberately indifferent actions of Defendants named
       hereinabove under any Count alleging a violation of Section 1983, plaintiffs are
       entitled to an award of punitive damages against those Defendants named for
       those acts pled hereinabove. Defendants acted with deliberate indifference to
       plaintiffs' right to be free of excessive force, retaliation under the First Amendment
       and Due Process Clause, false arrest, failure to intervene, and having a right to
       medical care.  Plaintiff does not seek punitive damages against the CITY OF
       SHREVEPORT.

86.    Defendants are not entitled to qualified immunity under state law for claims of
       fault or negligence or intentional acts

87.    Plaintiffs demand a trial by jury.

88.    Plaintiffs sustained compensatory damages including mental distress,  loss of
       liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of
       enjoyment of life, lost wages, past and future,  embarrassment and humiliation as
       a result of the actions of the defendants.

89.     Plaintiffs suffered consequential damages including but not limited to medical
       expenses and lost wages.

90.     Plaintiffs are entitled to an award of attorney fees and costs under 42
        USC 1983 and 1988.

 WHEREFORE, PLAINTIFFS pray that:

       1.       They  be granted a trial by jury.

       2.       There be judgment herein and against Defendants named herein including

-57-

SGT. KEVIN STRICKLAND #476,  C. JAMES, L. BERRY #557 , TYLER

CHENEY #1391, CAPTAIN RENE DAVIS, S. HOLMES #1565 D.

JOHNSON #1566, T. JAMISON # 1261, C. MCCONNELL #1576, DAVIS

#1512, S. CARRINGTON, C. MOSBY #1417, C. PORTER #1590, B.

ROSE #1545, A. SAUSEDA #1547, M. CLARK, P. TUCKER K-9, C.

JAMES #1403, CHIEF BEN RAYMOND AND CITY OF SHREVEPORT, in

solido in a reasonable  amount to be set by the Court, plus judicial interest

from date of judicial demand, compensatory damages, consequential

damages, medical expenses, and all costs of court, including attorney

fees.

3.    There be judgement herein against individual defendant officers named

hereinabove for punitive damages.

4.    Such other and further relief as may be just.


Respectfully Submitted,

  /s/ Nelson Cameron
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283

**Attorney for Petitioners**

-58-